POLEN, J.
Appellant was charged by information with trafficking in twenty-eight grams or more, but less than thirty kilograms of, hydrocodone pursuant to section 893.135(l)(c)l, Florida Statutes (1997), and three counts of obtaining a controlled substance by fraud. The charges were brought after appellant obtained Lorcet[1] tablets from a pharmacy by presenting a false prescription. The court denied his motion to dismiss the trafficking charge. He then pled no contest to the lesser included offense of trafficking in this drug in an amount exceeding fourteen grams, as well as to the three counts of obtaining a controlled substance by fraud, and specifically reserved the right to appeal the denial of his motion to dismiss.
In Hayes v. State, 750 So.2d 1 (Fla.1999), the supreme court held that section 893.135(l)(c)l did not apply to Hayes’ actions in trafficking four grams or more of hydrocodone. The court explained that because the Lorcet tablets contained less than fifteen milligrams of hydrocodone per dosage unit, they were Schedule III substances. Because section 893.135(l)(c)l prohibits the unlawful possession of any Schedule I or Schedule II drug, or any mixture containing a Schedule I or Schedule II drug, that section did not apply.
As the state concedes that Hayes is on point, we hold that the court should have granted appellant’s motion to dismiss this charge.
REVERSED.
DELL and GROSS, JJ., concur.

. Lorcet is a brand name prescription pain reliever containing approximately 750 milligrams of acetaminophen (Tylenol) and 7.5 milligrams of hydrocodone per tablet.